345 So.2d 865 (1977)
NEWS-PRESS PUBLISHING COMPANY, INC., d/b/a Fort Myers News-Press, Appellant,
v.
STATE of Florida et al., Appellees.
No. 76-1108.
District Court of Appeal of Florida, Second District.
May 13, 1977.
*866 Steven Carta of Smith & Carta, Fort Myers, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee State of Fla.
GRIMES, Judge.
This case involves an attack upon a court order sealing the depositions taken in a criminal case.
Richard Albert Woodrick, Jr. was indicted for first degree murder. In connection with the prosecution of that action, numerous depositions were taken. At some point in time, the court before whom the case was pending ordered that these depositions be sealed from the public. Thereafter, but prior to trial, Woodrick entered a plea of guilty to the crime of second degree murder and received a sentence of fifteen years. On or about the date of sentencing one of appellant's reporters requested the opportunity to inspect the depositions which had been taken in the proceeding and was informed that the depositions had been sealed by order of the court. The appellant then filed a motion for limited intervention seeking to set aside the order which had sealed the depositions. Following a hearing, the court entered an order granting the motion for limited intervention but denying the motion to set aside the order sealing the depositions.
At the outset, we note that this is not a case of prior restraint since the court has not sought to prohibit the press from publishing any information it may have obtained. Nevertheless, the order in question does have the practical effect of making it more difficult for the press to obtain information about the case which it may wish to publish. Thus, the appellant was properly permitted to intervene. While appellant has attacked the order by way of appeal, we treat this appeal as a petition for certiorari.
The only Florida case directly bearing upon the issue before us is Miami Herald Publishing Company v. Collazo, 329 So.2d 333 *867 (Fla. 3d DCA 1976). There, the trial court, at the request of both parties, directed that the terms of settlement of a civil case which had been reported to the court in closed proceedings be sealed from the public. In reversing the order which sealed the judgment containing the details of the settlement, our sister court held that there existed in that case "none of the persuasive or cogent reasons generally required to justify denying the right of the press or public to know what takes place in the courts."
By virtue of its inherent power to control the conduct of its own proceedings, there is little doubt that under certain circumstances the courts may exclude the public and the press from its proceedings, but such authority must be cautiously exercised. State ex rel. Gore Newspapers Company v. Tyson, 313 So.2d 777 (Fla. 4th DCA 1975). As applied to the instant case, a showing that the opening of the depositions might endanger a person's life could well justify the order entered below. On the other hand, an understandable desire to protect the victim's family from exposure of the details of what was apparently a heinous crime would not warrant an order which would preclude public access to official court records in the form of these depositions. The press must be counted on to report such facts in a responsible manner. The desirability of press access to criminal proceedings was emphasized in Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), when the U.S. Supreme Court said:
"... A responsible press has always been regarded as the handmaiden of effective judicial administration, especially in the criminal field. Its function in this regard is documented by an impressive record of service over several centuries. The press does not simply publish information about trials but guards against the miscarriage of justice by subjecting the police, prosecutors, and judicial processes to extensive public scrutiny and criticism...."
There must be compelling reasons before some or all of the records of a court proceeding may be sealed. Moreover, these reasons should be specifically set forth by the sealing authority in order that the legality thereof can be reviewed. The basis for closing the records can be sufficiently stated without divulging the information sought to be protected. If the reasons given for sealing the records are deemed to be facially sufficient but their application to the records under consideration is questioned, the reviewing court may always exercise an in camera inspection of the records to see if the reasons given by the sealing authority are borne out.
Generally, in criminal cases the sealing of court records or proceedings is done with a view toward protecting the rights of the defendant to a fair trial. In the posture in which the propriety of the order entered below was argued, these factors no longer existed because the defendant had already pled guilty and had been sentenced. It is noteworthy that neither the state nor the defendant had requested that the depositions be closed. In denying the appellant's motion to open the depositions, the trial judge observed:
"... [T]he court had extremely good and cogent reasons that in its sound judicial discretion felt that more harm would come from the disclosure of the contents of some of these depositions, and could possibly more harm than good could come out of it. And public interest has very great strength, but at the same time, the harm that could come from it would overweigh the good that could come from it... ."
The judge's statement that he had "cogent reasons" for sealing the records obviously fell short of specifically setting forth the reasons why public access to these depositions was being denied. However, the trial judge did not have the benefit of our opinion at the time he made his ruling, and there conceivably could be compelling reasons why these depositions should be sealed. Therefore, we hereby remand this matter to the court below for further consideration of the appellant's motion in light of our opinion. A copy of the new order on the subject *868 together with the record of any hearing thereon shall be filed with this court in order that we may know whether any further action may be required on our part.
BOARDMAN, C.J., and McNULTY, J., concur.