372 So.2d 100 (1979)
SENTINEL STAR COMPANY, Petitioner,
v.
The Honorable John W. BOOTH, Chief Circuit Court Judge, Fifth Judicial Circuit, in and for Lake County, Florida, Respondent.
No. 79-463.
District Court of Appeal of Florida, Second District.
May 10, 1979.
Rehearing Denied June 13, 1979.
*101 William G. Mateer and David L. Evans of Mateer, Harbert, Bechtel & Phalin, Orlando, for petitioner.
Gordon G. Oldham, Jr., State's Atty., for respondent.
Jack O. Johnson, Public Defender, and P. Douglas Brinkmeyer and James R. Wulchak, Assts. Public Defenders, Bartow, Tenth Judicial Circuit, for defendant Marvin Leonard Crum.
OTT, Judge.
Sentinel Star Company, publisher of the Orlando Sentinel Star, seeks review of the trial court's order sealing all defense discovery depositions and a statement by one of the defendants in the criminal case against Marvin Leonard Crum and Preston Crum. We have jurisdiction under Rule 9.100(d), Florida Rules of Appellate Procedure.[1]
The Crum brothers were indicted in Lake County on January 15, 1979 for first degree murder. Rather extensive publicity in at least two area newspapers, the Sentinel Star and the Leesburg Commercial, began following discovery of the body of the alleged victim. On February 27, 1979 the assistant public defender representing Marvin Crum filed a motion to seal all defense discovery depositions filed in the case on the ground that press access to such depositions would likely result in prejudicial publicity which would jeopardize Crum's right to a speedy and fair trial by an impartial jury. Counsel for Preston Crum later adopted this motion on behalf of his client.
On March 7, a hearing was held on this motion and on a motion for severance filed by Marvin Crum and adopted by Preston Crum. That the motion to seal deposition had been filed was known to the press and a Sentinel Star reporter was present at the hearing. However, there is no indication in the record before us that the press was aware prior to the commencement of the hearing that this motion would be heard at that time, nor did the trial judge offer any member of the press an opportunity to be heard prior to ruling on the motion.
Trial had not been set at the time of the hearing and it was not expected to be held for at least a month.
Defense counsel indicated at the hearing that "a whole flurry" of newspaper articles had been published concerning this case (nine of which were submitted to the court) although the publicity had died down since January. He stated that his purpose was "to limit additional inflammatory publicity as the trial date approaches," and asked that the depositions be sealed until a verdict was reached relying on News-Press Publishing Co., Inc. v. State, 345 So.2d 865 (Fla. 2d DCA 1977). The prosecutor had no objection to the motion. Without further discussion, the trial court granted the motion, additionally ordering that a statement by Preston Crum upon which the motion to sever had been predicated also be sealed.
The court's written order briefly discusses the importance of discovery and the necessity of balancing the freedom of the press against a defendant's right to a fair and speedy trial and recites the following finding:
Being fully advised in the premises, the Court finds that there has been substantial pre-trial [sic] media publicity in this cause and that an Order sealing defense discovery depositions is necessary to protect both defendants' right to a fair trial.
*102 No further explanation for the sealing of the statement and depositions is given.
By virtue of its inherent power to control the conduct of its own proceedings, a court may under certain circumstances exclude the public and the press from its proceedings, State ex rel Gore Newspaper Co. v. Tyson, 313 So.2d 777 (Fla. 4th DCA 1975), (overruled on procedural grounds, English v. McCrary, 348 So.2d 293 (Fla. 1977)), or seal court records. News-Press Publishing Co., Inc. v. State, supra. However, such authority must be cautiously exercised. Court records cannot be sealed absent a showing that:
(1) closure is necessary to prevent a serious and imminent threat to the administration of justice, (2) that no less restrictive alternative measures are available, and (3) that closure will in fact achieve the Court's purpose.
Miami Herald Publishing Co. v. State, 363 So.2d 603, 606 (Fla. 4th DCA 1978).
The standard to be met before first amendment freedoms can be abridged is that the expression by the press must constitute "`an immediate, not merely likely, threat to the administration of justice. The danger must not be remote or even probable, it must immediately imperil.'" State ex rel Miami Herald Publishing Co. v. McIntosh, 340 So.2d 904, 908 (Fla. 1977).
The trial court's brief inquiry was insufficient to demonstrate compelling reasons for ordering the sealing of all defense discovery depositions and Preston Crum's statement. It is therefore necessary for us to remand the cause for a more thorough inquiry. Should the trial judge still find it necessary to seal all or any of the documents sealed by his first order, he should enter an order to that effect. The reasons compelling closure of these records should be specifically set forth in the order. See News-Press Publishing Co., Inc. v. State, supra.
Additionally, under the circumstances, the trial court should have given the press an opportunity to be heard. As stated by our supreme court in State ex rel Miami Herald Publishing Co. v. McIntosh, supra at 910:
Although freedom of the press belongs to all the people those who gather and distribute news have special concerns which entitle them to notice and a hearing before any trial court enjoins or limits publication of court proceedings. The circumstances may require a summary hearing but reasonable notice under prevailing conditions and a hearing must be had in each instance. The court should serve notice to news reporters present, but no order entered in good faith is invalid for lack of notice to one or more who may be unavailable to receive notice. Announcement from the bench or publication in writing in the courtroom should be adequate.
While formal written notice need not be served on all news media which could conceivably be interested, some notice should be given. The manner and extent of the notice will necessarily vary according to the circumstances of each case.
We cannot say on the basis of the record before us that the notice the press had in the instant case was inadequate. However, the press here was not given an opportunity to be heard  an opportunity to which it was entitled. On remand, before making his decision on this matter, the trial judge should hold a hearing at which the press is given an opportunity to be heard. Petitioner, having indicated its interest in the matter, should be notified thereof, and a reasonable attempt to afford notice to other members of the news media should also be made.
Remanded for further proceedings consistent with this opinion.
HOBSON, Acting C.J., and DANAHY, J., concur.
NOTES
[1] Rule 9.100(d)(1) provides:

A petition to review an order excluding the press or public from access to any proceeding, any part of a proceeding, or any judicial records, if the proceedings or records are not required by law to be confidential, shall be filed in the appropriate district court of appeal as soon as practicable following rendition of the order to be reviewed, if written, or announcement of the order to be reviewed, if oral. A copy shall be furnished to the person (or chairperson of the collegial administrative agency) issuing the order, and to the parties to the proceeding.