388 So.2d 1106 (1980)
STATE of Florida ex rel. the PENSACOLA NEWS-JOURNAL, INC. and Florida Freedom Newspapers, Inc., Petitioners,
v.
The Honorable Erwin FLEET, Circuit Judge of the First Judicial Circuit in and for Okaloosa County, Florida, Respondent.
No. WW-41.
District Court of Appeal of Florida, First District.
September 9, 1980.
Rehearing Denied October 27, 1980.
William H. Clark of Clark, Partington, Hart & Hart, Pensacola, for The Pensacola News-Journal.
Robert E. Lee, Fort Walton Beach, for Florida Freedom Newspapers, Inc.
*1107 Jim Smith, Atty. Gen. and Lucy H. Harris, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
This cause is before us on a motion to review an order closing a pretrial hearing on a motion to suppress an allegedly illegally obtained confession in the case of State v. Livingston, Case No. 80-286, now pending in the First Judicial Circuit.
The order directing closure was entered upon the court's own motion. Counsel for the defendant objected to a closed hearing and the State took no position on the issue. It is apparent that in ordering closure the trial judge relied heavily upon the United States Supreme Court decision in Gannett v. DePasquale, 443 U.S. 368, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979), for the proposition that it is the duty of the trial judge to evaluate the effects of pretrial publicity and to grant closure when, in the opinion of the court, the opening of certain procedures to the public would result in a denial of the defendant's ability to receive a fair trial. The respondent takes the position that the granting of closure is a discretionary act that cannot be reached by mandamus. We disagree and concur in the opinion of the Fourth District Court of Appeal in Miami Herald Publishing Co. v. State, 363 So.2d 603 (Fla. 4th DCA 1978). The court, in Miami Herald, concluded that the following guidelines are applicable to closure determination: (1) that closure is necessary to prevent a serious and imminent threat to the administration of justice, (2) that no less restrictive alternative measures are available, and (3) that closure will in fact achieve the court's purpose. There has been no showing in this record that those guidelines or other relevant standards have been applied. In this case defense counsel insists that an open suppression hearing will enhance the administration of justice. We find no evidentiary base for the court's conclusion to the contrary. The court appears to assume that the content of the defendant's statement will of necessity be revealed during the suppression hearing. We do not see this as being a valid assumption in light of the fact that only the circumstances surrounding the giving of the statement are at issue, not necessarily the contents of the alleged confession. Should the judge's worst fears become a reality and it becomes necessary to explore the content of the statement, less restrictive alternatives than those proposed by the judge are available. The public and press in such an instance might be excluded if and when the statement is introduced. We see no reason why such procedure would interfere with or frustrate the choosing of a jury and the sequestering of said jury if such is the court's desire.
We reverse and remand for action consistent with this order.
SHAW and WENTWORTH, JJ., concur.
BOOTH, J., specially concurs with opinion.
BOOTH, Judge, specially concurring.
The majority holds that, before closing the suppression hearing, the trial court's "worst fears [must] become a reality" and it be necessary that the confession be introduced or its contents explored. It is conceivable that the circumstances surrounding the giving of the confession can be fully considered without the contents of the confession being revealed. The court, of course, may inspect the confession in camera at the hearing without discussion of its contents. I agree with the majority, therefore, that the suppression hearing be open to the public unless and until there is a necessity for closure.
The unique dilemma of the trial court here is that a motion for change of venue was filed by defendant simultaneously with the filing of the motion to suppress. The basis of the motion for change of venue is pretrial publicity, prejudicing the defendant's right to a fair trial in Okaloosa County. Another motion filed on behalf of the defendant is for determination of insanity. This motion alleges that defendant is "insane" and not competent to assist in his defense. In addition to these motions, defendant *1108 wants the suppression hearing open since news reports already published have made public the information that defendant confessed to the crime; and, as stated by defendant's counsel at the closure hearing: "It would be more prejudicial to close this [suppression] hearing where the papers couldn't come in here and find some of the circumstances of how this statement was made when it shouldn't have been."
Thus, the trial court has the difficult task of protecting defendant's right to a fair trial and dealing with the various demands made by the defense, which include, on the one hand, a change of venue because of undue publicity and, on the other hand, defendant's demand that the suppression hearing be open to afford publicity as to the circumstances of the giving of the confession. The task cannot be reduced to a simplistic formula but depends on the facts and issues as they develop in this case. The majority has, I believe, correctly balanced the sensitive issues and, while not withdrawing from the trial court its discretion and available options, including closure, has required public attendance to the fullest extent consistent with defendant's right to a fair trial and in accord with his demand for an open hearing.

On Motion For Rehearing
PER CURIAM.
Respondent seeks rehearing on the stated ground that mandamus is not an appropriate remedy in the circumstances of this case. However, we assumed jurisdiction pursuant to Fla.R.App.P. 9.100(d), and not by way of mandamus. The opinion was intended to express disagreement with the respondent's contention that the closure in question, being a discretionary act, was not subject to review under the circumstances presented, and also disagreement with the respondent's contention that Gannett v. DePasquale, 443 U.S. 368, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979), mandated closure. We do not disagree with respondent's statement of the general rule that mandamus does not lie to review a discretionary act or to determine an abuse of discretion.
Fla.R.App.P. 9.100(d) now provides the means "to review an order excluding the press or public from access to any proceeding..." and resolves any potential problems in the prior use of prohibition or writ under authority of former Rule 4.5(g), F.A.R., to review such orders. State ex rel. Miami Herald Publishing Co. v. McIntosh, 340 So.2d 904 (Fla. 1977); State ex rel. Miami Herald Publishing Co. v. Rose, 271 So.2d 483 (Fla. 2d DCA 1972).
Rehearing is denied.
BOOTH, SHAW and WENTWORTH, JJ., concur.