## CAZAREZ, etc. v. THE CHURCH OF SCIENTOLOGY OF CALIFORNIA, INC., et al.
### Case No. 80-3447-10
Sixth Judicial Circuit, Pinellas County
October 31, 1980

Joy M. Packer, for Times Publishing Company.

Paul Antinori and Michael Kinney, for defendants.

Walter Logan, for plaintiff.

FRED L. BRYSON, Circuit Judge

THIS CAUSE came on to be heard upon the Motion of the Times Publishing Company for access to attend the deposition of Diana Horowich, which had been closed by request of counsel for the deponent.

1. The Court finds that the deposition taken in this case is a public judicial proceeding to which the Florida Courts have recognized a general right of public access. *State v. Diggs*, No. 79-21601, (Cir. Ct. Dade Co. March 4, 1980) 5 Med. l. Rptr. 2596, *News-Press Publishing Co. v. State*, 345 So. 2d 865 (Fla. 2d DCA 1977).

2. The news media, although not a party to the litigation, has standing as a representative of the public, to challenge closure because such actions directly impair the ability of the press to gather news. *State ex rel Miami Herald Pub. Co. v. McIntosh*, 340 So. 2d 904 (Fla. 1977).

3. Thus, closure of depositions or other judicial proceedings may only be accomplished after a showing that:

(a) Closure is necessary to prevent a serious and imminent threat to the fair administration of justice;

(b) No less restrictive alternatives are available to achieve trial fairness;

(c) Closure will, in fact, achieve the Court's purpose. *Sentinel Star Co. v. Booth*, 372 So. 2d 100, 102 (Fla. 2d DCA 1979); *Miami Herald Publishing Co. v. State*, 363 So. 2d 603, 606 (Fla. 4th DCA 1978).

4. There has been no showing that this strict standard for closure has been met as the mere desire for privacy is not sufficient to satisfy the standard. *News-Press Pub. Co. v. State*, 345 So. 2d 865 (Fla. 2d DCA 1977). In fact, the trial management alternative of change of venue has been utilized in this case to minimize the possibility of prejudicial publicity without a chilling of First Amendment interests.

It is, therefore,

ORDERED and ADJUDGED, that the Motion of the Times Publishing Company for access to attend depositions be granted, and that the pretrial depositions shall be open to the press and public, subject to the standards enumerated above.