**STATE v. SANCHEZ, et al.**
**STATE v. HERRERA, et al.**
No. 81-5354
Circuit Court, Palm Beach County
November 17, 1981

Sara Bresky Blumberg, Dubiner & Blumberg, for defendants.

Kathleen J. Kroll, Assistant Public Defender and Scott Richardson, Assistant State Attorney for plaintiffs.

Thomas R. Julin, Steel Hector & Davis, for Palm Beach Newspapers, Inc.

Richard J. Ovelman, Paul & Thomson, for Miami Herald Publishing Company and Boca Raton News.

Timothy P. Beavers, Ferrero, Middlebrooks & Strickland, for the News and Sun-Sentinel Co.

MARVIN MOUNTS, Circuit Judge.

---

THIS CAUSE came on for hearing upon Defendants' motions for protective orders excluding the public and the press from all pretrial depositions in these proceedings. The Court having received memoranda of law and having heard oral argument, finds as follows:

1. Defendants' motions seek to exclude the public and the press from an estimated 75 to 80 pretrial depositions to be taken in these prosecutions.

2. Defendants have presented no evidence, and made no evidentiary showing in support of their motions.

3. Defendants have made no attempt to limit their motions to testimony which might be prejudicial to them and have identified no specific deposition testimony which would be prejudicial to them.

4. Defendants have identified no specific deposition testimony which might be prejudicial to them and which has not already been published.

5. Under Florida law the public and the press generally have a fundamental right to attend all judicial proceedings.

*State of Florida ex rel. Miami Herald Publishing Co. v. McIntosh,* 340 So.2d 904, 908 (Fla. 1976).

6. This fundamental right may be abridged only where a movant shows with competent evidence that ''(1) closure is necessary to prevent a serious and imminent threat to the administration of justice, (2) that no less restrictive alternative measures are available, and (3) that closure will in fact achieve the Court's purpose.'' *Miami Herald Publishing Co. v. State,* 363 So.2d 603, 606 (Fla. 4th DCA 1978). *Accord: Miami Herald Publishing Co. v. Chappell,* 1981 F.L.W. 2013, 2015 (Case No. 81-613, Fla. 3d DCA, September 3, 1981) (closure of pretrial competency hearing and sealing of transcript reversed); *State of Florida ex rel. The Pensacola News-Journal, et al. v. Fleet,* 388 So.2d 1106, 1107 (Fla. 1st DCA 1980) (closure of suppression hearing reversed); *Ocala Star Banner*

*Corp. v. Sturgis,* 388 So.2d 1367, 1370 (Fla. 5th DCA 1980) (order closing depositions and sealing transcripts thereof quashed); *Sentinel Star Company v. Booth,* 372 So.2d 100, 102 (Fla. 2d DCA 1979) (order sealing depositions in criminal prosecution reversed); *Miami Herald Publishing Co. v. Lewis,* 383 So.2d 236 (Fla. 4th DCA 1980), *pending on certification to Supreme Court* (closure of suppression hearing affirmed but sealing of transcript reversed).

7. Motions to close depositions have been made, and uniformly denied, in Florida's most notorious recent criminal prosecutions. Only a few days ago in *State v. Reid,* Case No. 81-5001 (Fla. 15th Cir., Palm Beach County, October 20, 1981), Judge Murray Goldman denied the state's motion for protective order to exclude the public and the press from all pretrial depositions. Judge Durant refused to close pretrial proceedings under the three part test in the prosecution of the infamous "Bird Road Rapist". *State of Florida v. Diaz,* 5 Med.L.Rptr. 1703, Case No. 79-14133 (Fla. 11th Cir., Dade County, September 21, 1979). Judge Cowart applied the three-part test for closure in denying an omnibus motion to close pretrial depositions and seal transcripts in the prosecution of mass murderer Theodore Bundy. *State of Florida v. Theodore Bundy,* 4 Med.L.Rptr. 2629, Case No. 78-670 (Fla. 2d Cir., Leon County, April 26, 1979). Similarly, Judge Nesbitt denied a motion to exclude the public from depositions in the infamous *MacDuffie* prosecution, also applying the three-part test. *State of Florida v. Diggs,* 5 Med.L.Rptr. 2596, Case No. 79-21601 (Fla. 11th Cir., Dade County, March 4, 1980). Even more recently Judge Bryson extended this same protection to depositions taken in civil proceedings. *Cazarez v. Church of Scientology,* 6 Med.L.Rptr. 2109, Case No. 80-3447-10 (Fla. 6th Cir., Pinellas County, October 31, 1980). This case is in no way distinguishable from these precedents.

8. This Court has itself previously denied a similarly overbroad and unsupported motion to close pretrial depositions in *State v. Alford,* 5 Med.L.Rptr. 1043, Case No. 73-159 (Fla. 15th Cir., Palm Beach County, October 19, 1979), holding:

> Discovery depositions taken pursuant to subpoenas issued by the State shall be open. *Florida v. Bundy,* 4 Med.L.Rptr. 2629 (1979). The parties may apply to the Court for closure orders with respect to specific depositions, where legally sufficient cause can be proven by the moving party. Such motions shall be filed sufficiently in advance of the scheduled deposition so as to permit a hearing thereon. *Miami Herald Publishing Company v. Florida,* 363 So.2d 603 [4 Med.L.Rptr. 1681] (1978).

This Court also denied such a motion to close pretrial proceedings in *State v. Nollie Lee Martin*, Case No. 77-1675 (April 13, 1978), a highly publicized rape/kidnap/murder prosecution.

9. Because Defendants have failed to make any evidentiary showing meeting the three part test, their motions must be denied. First, I find that they have not pointed to any evidence or testimony which if disclosed would pose a serious and imminent threat to the fair administration of justice. In support of their motions for total closure of all pretrial depositions, Defendants offer only the allegation that "media coverage of pretrial depositions will necessarily broaden the already extensive publicity and consequently impair the defendant's rights to a fair and impartial jury trial." Even were this claim supported by competent evidence, it would be insufficient to close these depositions. The United States Supreme Court has squarely held that even "pervasive adverse pretrial publicity" does not violate Sixth Amendment rights:

> All our decisions in this area [t]aken together, . . . demonstrate that pretrial publicity—even pervasive adverse publicity—does not inevitably lead to an unfair trial.

*Nebraska Press Assoc. v. Stuart*, 427 U.S. 539, 544 (1976); *Murphy v. Florida*, 421 U.S. 794 (1975); *Irvin v. Dowd*, 366 U.S. 717 (1961). Closure has been unnecessary in the most celebrated trials of this century. *U.S. v. Haldeman*, 559 F.2d 31, 60 (D.C. Cir. 1976) (Watergate); *Calley v. Callaway*, 519 F.2d 189, 205 (5th Cir. 1975) (My Lai Massacre). Jurors are not expected to be utterly ignorant or unfamiliar with news reports of crimes in their community. Florida judges in small towns such as Chattachoochee and Monticello frequently are faced with trials of defendants with whom literally everyone in town is intimately familiar. Through appropriate trial mangement techniques, judges in these communities are able to guarantee defendants their right to a fair trial. Since fair trails are routinely held under these conditions, there is no reason to conclude that a fair trial cannot be held in a large metropolitan area such as West Palm Beach merely because the newspapers report facts learned about the case in pretrial depositions. Our system of justice works, and works well, in both our large metropolitan areas and our many smaller rural communities. In fact, press coverage may well aid in securing for a Defendant his right to a fair trial in circumstances where much is known about the crime and more is rumored. As the United States Supreme Court observed in *Nebraska Press Assoc. v. Stuart, supra.* at 567:

> It is reasonable to assume that, without any news accounts being printed or broadcast, rumors would travel swiftly by

word of mouth. One can only speculate on the accuracy of such reports, given the generative propensities of rumors; they could well be more damaging than reasonably accurate news accounts. But plainly a whole community cannot be restrained from discussing a subject intimately affecting life within it.

I find under the circumstances presented here, accurate news reports are more likely to protect the accused than to endanger his rights.

Second Defendants have failed to make any showing that traditional alternatives to closure, such as *voir dire,* change of venue, sequestration, and admonitions or instructions from the bench, would not adequately protect their fair trial rights.

Finally, Defendants have stated that they do not seek to have the transcripts of the depositions sealed, and their motions do not request sealing; thus, they fail the third requirement of the test since exclusion of the public and press from the actual taking of the depositions could not serve the purpose Defendants' seek to achieve—lessening of pretrial publicity—if the press would be free to publish the transcripts of the depositions themselves.

10. Defendants' argument that the three part test for closure does not apply here because a deposition is not a "judicial proceeding" is rejected as without merit. The Court is fully satisfied that depositions are judicial proceedings. Depositions are proceedings governed by court rules. *See* Rules 1.280, 1.290, 1.300, 1.310, 1.320, and 1.400, Florida Rules of Civil Procedure; and Rules 3.190(j) and 3.220, Florida Rules of Criminal Procedure. Testimony given at deposition is under oath and is binding. Lawyers present at deposition are acting as officers of the court. The prosecutor is, of course, acting in his official capacity. A court reporter transcribes the testimony. Since approximately 90% of all Florida criminal cases do not go to trial, deposition testimony may be the only testimony taken in the case and may cause termination of the proceedings without any further meaningful public hearings.

11. Even were Defendants' contention correct, · the motions here must be denied because the press has the right, although not "an absolute right", to attend depositions even if they be considered something other than "judicial proceedings". *Ocala Star Banner v. Sturgis, supra.* Where, as here, patently overbroad and nonspecific motions are made to close depositions from public scrutiny, they must be denied. *Ocala Star Banner v. Sturgis, supra* at 1372; *Sentinel Star v. Booth, supra; State v. Alford, supra.*