### WITHLACOOCHEE RIVER ELECTRIC COOPERATIVE v. SEMINOLE ELECTRIC COOPERATIVE et al.
81-8653
Circuit Court, Hillsborough County
March 11, 1982

Marvin Barkin, Wayne Thomas, and Ray Alley, for plaintiff.

Edward Savitz, William Keen, and James Slater, for defendants.

George Rahdert, for St. Petersburg Times.

THOMAS A. MILLER, Circuit Judge.

THIS CAME before the Court on the motion of Harry W. Wright to compel testimony and the motion of Withlacoochee River Electric Cooperative, Inc. (WREC) entitled Motion Re: Sequestration of News Media. Both motions were served March 1, 1982 after the deposition of Don Porter, a director of plaintiff, was terminated when a news reporter for the St. Petersburg Times was expelled from Porter's deposition. The question before the Court is whether news reporters may be present at depositions in this cause.

Upon consideration of said motions and having heard argument of counsel, the Court is of the view that under Florida law depositions are typically public judicial proceedings to which the Florida courts have recognized the general right of access by the press. *Cazarez v. Church of Scientology,* 6 Med.L.Reptr. 2190 (Cir. Ct. Pinnellas County 1980): *State v. Diggs,* 5 Med.L.Reptr. 2597 (Cir. Ct. Dade County 1980). Closure of depositions or other judicial proceedings may be accomplished only upon a showing of three things: a) that closure is necessary to prevent a serious and eminent threat to the administration of justice; b) that no less restrictive alternatives are available to achieve trial fairness; and c) that closure will be effective in achieving the Court's purpose. *Sentinel Star Company v. Booth,* 372 So.2d 100 (Fla.2d D.C.A. 1979).

There has been no showing in this case that these strict standards for closure of the deposition of Don Porter have been met. Indeed, the plaintiff in this cause, of which the witness is a director, has argued in favor of allowing the press to attend the deposition. The mere desire of counsel for a party for privacy, in and of itself, is not sufficient to satisfy the tripartite showing enunciated above. *See, News-Press v. State,* 345 So.2d 865 (Fla.2d D.C.A. 1977); *Cazarez v. Church of*

*Scientology,* 6 Med.L.Reptr. 2190 (Cir. Ct. Pinellas County 1980). Accordingly, it is

ORDERED that the deposition of Don Porter, and all further depositions herein, shall be open to attendance by the press and the public, subject to the standards enunciated above.