# S. R. H. HOTEL, INC., v. SWAIM

Case No. 81-2278-11

Sixth Judicial Circuit, Pinellas County

August 3, 1984

## APPEARANCES OF COUNSEL

**George K. Rahdert,** of **Rahdert, Anderson & Richardson,** for movant, Times Publishing Co.

**Richard Candelora,** of **Trenam, Simmons, Kenker, Scharf, Barkin, Frye & O'Neill,** co-counsel for plaintiff, S. R. H. Hotel, Inc.

**Murray B. Weil,** co-counsel for plaintiff, S. R. H. Hotel, Inc.

**Albert I. Gordon,** of **Gordon & Maney,** for defendant.

**Stephen J. Wein,** of **Battaglia, Ross, Hastings, Dicus & Andrews,** for defendant.

## OPINION OF THE COURT

ROBERT F. MICHAEL, Circuit Judge.

THIS CAUSE having come on to be heard on the Motions of Times Publishing Company to intervene and unseal court files, the court having heard argument of counsel for the Times Publishing Company and counsel for John Swaim and being otherwise duly advised in the premises, it is thereupon

ORDERED AND ADJUDGED:

That the Motion For Limited Intervention and Motion to Unseal Court File of the Times Publishing Company are granted, as follows:

1. Said Motion For Limited Intervention is granted on the grounds that Times Publishing Company, a member of the news media, has standing to intervene in litigation in which it is not a party to challenge closure orders which impair the ability of the press to gather news and the public to have access to the judicial process, pursuant to the cases of *News-Press Publishing Company, Inc. v. State,* 345 So.2d 865 (Fla. 2d DCA 1977) and *State ex rel. Miami Herald Publishing Company v. McIntosh,* 340 So.2d 904 (Fla. 1976).

2. Said Motion To Unseal Court File is granted on the grounds that continued closure of the above-styled court file violates established principles of Florida and Federal Constitutional law, as interpreted by the cases of *Globe Newspaper Co. v. Superior Court,* 102 S.Ct. 2613 (1982); *Newman v. Graddick,* 696 F.2d 796 (11th Cir. 1983); *Times Publishing Company v. Penick,* 433 So.2d 1281 (Fla. 2d DCA 1983); *Miami Herald Publishing Company v. Lewis,* 426 So.2d 1 (Fla. 1982); *Sentinel Star Publishing Company v. Booth,* 372 So.2d 100 (Fla. 2d DCA 1979), and *Miami Herald Publishing Company v. Collazo,* 329 So.2d 333 (Fla. 3d DCA 1976).

3. Reliance on the case of *United States v. Gurney,* 558 F.2d 1202 (5th Cir. 1977) by counsel for John Swaim was deemed inapposite based upon the more recent ruling in *Newman v. Graddick,* 696 F.2d 796 (11th Cir. 1983); and *Levin v. Southeast Media,* 6 Med. L. Rptr. 2463 (Fla. 6th Jud. Cir. Ct. 1981).