507 So.2d 667 (1987)
The SARASOTA HERALD TRIBUNE, a Division of the New York Times Company, a New York Corporation, Petitioner,
v.
The Honorable Howard HOLTZENDORF and Lloyd Lyday, Respondents.
No. 86-3187.
District Court of Appeal of Florida, Second District.
May 8, 1987.
George K. Rahdert and Bonita M. Riggens of Rahdert, Acosta & Dickson, P.A., St. Petersburg, for petitioner.
Robert A. Butterworth, Atty. Gen., and Louis F. Hubener, Asst. Atty. Gen., Tallahassee, for respondent Howard Holtzendorf.
DANAHY, Chief Judge.
The Sarasota Herald Tribune petitions for review of an order entered by the respondent, The Honorable Howard C. Holtzendorf, denying access to certain documents related to the sentencing of the respondent Lloyd Lyday. We have jurisdiction pursuant to rule 9.100(d), Florida Rules of Appellate Procedure.
Following Lyday's plea of no contest to a grand theft charge, Judge Holtzendorf, as Acting Circuit Judge, sentenced him to a guidelines sentence within the recommended range. Prior to sentencing, the judge received and reviewed a psychological report and letters that were submitted on Lyday's behalf. These documents were not part of the presentence investigation report prepared by the Department of Corrections and were not filed in Lyday's court file.
After being denied access to the documents by the Clerk's Office, the petitioner filed a motion for leave to intervene and to unseal court records. At the hearing on that motion, Judge Holtzendorf stated that the documents were not sealed because they were not filed in Lyday's court file, but contained in a separate file. The judge *668 further stated that he considered the materials confidential because they were similar to the presentence investigation report. The judge granted the motion to intervene and denied the motion to unseal the records. Neither the state nor Lyday appeared at the hearing and neither has expressed any interest in the issue before us.
The public's right to be informed applies to sentencing proceedings. Miami Herald Publishing Co. v. State, 363 So.2d 603 (Fla. 4th DCA 1978). While a judge may impose whatever legal sentence he chooses, if such sentence is based on a tangible proceeding or document, it is within the public domain unless otherwise privileged. Miami Herald, 363 So.2d at 605. It is clear that Judge Holtzendorf considered the psychological report and letters in making his sentencing decision; however, the documents were not presented in open court as evidence. The distinction as to where the documents were received by the court is without merit.
Judge Holtzendorf contends that the documents were considered as part of the court ordered presentence investigation, which is privileged, yet concedes that the documents were not actually included in that report. We see no reason to extend the confidentiality afforded presentence investigation reports to materials, although of a similar nature, that are not part of the report prepared pursuant to section 921.231, Florida Statutes (1985).
Alternatively, Judge Holtzendorf argues that since the documents were never filed, he did not seal the records. But it was the nonfiling of the documents that amounted to a sealed file.
Notwithstanding that a defendant has been sentenced and is serving his term, so that his right to a fair trial is not implicated, there may be reasons for sealing a part of the court proceedings. News-Press Publishing Co. v. State, 345 So.2d 865 (Fla. 2d DCA 1977). But because the public, through the press, is entitled to view court records in a criminal proceeding, those records cannot be closed unless specific and on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest. Press-Enterprise Co. v. Superior Court of California for County of Riverside, ___ U.S. ___, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986). A hearing on the matter is required, with notice given to at least one local news media representative. Miami Herald Publishing Co. v. Lewis, 426 So.2d 1 (Fla. 1982). None of these requirements was met in this case.
Accordingly, we grant the petition, quash the order under review, and remand the case to Judge Holtzendorf for further proceedings consistent with this opinion.
FRANK and SANDERLIN, JJ., concur.