SHEPHERD, C.J.
Michael Mose Poole, the defendant in this criminal action, petitioned for a writ of certiorari seeking review of an order directing the clerk to unseal reports filed by psychiatrists who determined him to be incompetent to proceed to trial. After expedited briefing and argument in the matter, we denied the petition by an unpublished order, indicating an opinion would follow. We now explain our decision.

Factual and Procedural Background

Poole was arrested and charged with the murder of Robert Lee Verser, Sr., with whom Poole shared a room at South Dade Nursing & Rehabilitation Center. On April 10, 2013, the nursing staff found Verser in his bed, apparently beaten to death. The staff later located Poole, sitting in an outside patio, with blood-stained hands, shirt and pants. The public defender appointed to represent Poole on the criminal charges requested a competency evaluation from Dr. Sonia Ruiz. Dr. Ruiz provided counsel with a written report which concluded that Poole was not competent to proceed to trial.
At Poole’s arraignment, the public defender moved for competency examinations pursuant to Florida Rule of Criminal Procedure 3.210. In support of his motion, counsel provided the trial court and the State with a copy of Dr. Ruiz’ report. In accordance with established local court procedures, the clerk filed Dr. Ruiz’ report under seal. The trial court then ordered further evaluations by Dr. Harry Damus and Dr. Sandra M. Klein, both of whom concurred with Dr. Ruiz’ opinion. Their reports were also filed under seal. The trial court found Poole incompetent to proceed to trial and committed him to a forensic hospital.
On January 21, 2014, South Dade Nursing requested that Poole’s competency evaluation reports be unsealed. Counsel for South Dade Nursing informed the court that Verser’s estate served a 75-day pre-suit notice of claim on it pursuant to section 400.0233 of the Florida Statutes, and access to the sealed reports was needed to evaluate its potential liability on the claim. Poole objected to disclosure of the reports on the ground they were confidential. Poole also questioned the relevancy of the reports to a civil negligence claim, because the doctors only evaluated his competency to stand trial and not his mental state at the time of the alleged crime. After reviewing the competency reports and holding a hearing, the trial court found the reports to be relevant and ordered them unsealed. Poole then petitioned this court for certiorari review of the trial court’s ruling.[1]

Analysis

Poole contends the trial court departed from the essential requirements of law by allowing a private, non-party access to confidential medical records. The primary *438 thrust of his argument on this point is that Florida Rule of Criminal Procedure 3.211(d) expressly directs all information garnered in determining a criminal defendant’s competency to stand trial be kept confidential. The trial court disagreed and ordered the reports released to South Dade Nursing, relying on Florida Rule of Judicial Administration 2.420. Bearing in mind our obligation to harmonize seemingly contradictory rules where possible, see, e.g., City of Miami v. Valdez, 847 So.2d 1005, 1008 (Fla. 3d DCA 2003), we consider the language and purpose of both rules.
1. Rule 3.211.
In 1980, the Florida Supreme Court adopted Florida Rules of Criminal Procedure 3.210 to 3.219 to establish procedures for determining a defendant’s mental competency during a criminal case. Fla. Bar re Rules of Criminal Procedure, 389 So.2d 610 (Fla.1980). Rule 3.210 prohibits proceeding, at any material stage of the case, against a person accused of a crime who is mentally incompetent. Fla. R. Crim. P. 3.210(a). Upon reasonable grounds to believe the defendant may be incompetent, raised by defense counsel, the prosecutor, or the court itself, the court may order that defendant be examined by up to three experts. Fla. R. Crim. P. 3.210(b). Rule 3.211 sets forth the scope of the examinations and provides for written findings by the experts. Subsection (d) of rule 3.211 limits the use of the reports generated. It reads as follows:
(d) Limited Use of Competency Evidence
(1) The information contained in any motion by the defendant for determination of competency to proceed or in any report of experts filed under this rule insofar as the report relates solely to the issues of competency to proceed and commitment, and any information elicited during a hearing on competency to proceed or commitment held pursuant to this rule, shall be used only in determining the mental competency to proceed or the commitment or other treatment of the defendant.
(2) The defendant waives this provision by using the report, or portions thereof, in any proceeding for any other purpose, in which case disclosure and use of the report, or any portion thereof, shall be governed by applicable rules of evidence and rules of criminal procedure. If a part of the report is used by the defendant, the state may request the production of any other portion of that report that, in fairness, ought to be considered.
(Emphasis added.) Poole urges that the word “only” in this rule means what it says — that the reports, over which a criminal defendant has no choice as to creation, may be used for no purpose other than determining the defendant’s competency to stand trial in a criminal proceeding.
Poole supports his argument by reference to Caraballo v. State, 39 So.3d 1234 (Fla.2010). Caraballo concerned the State’s use of competency evidence to rebut allegations of mental retardation during the penalty phase of a criminal case. The Court reasoned such use was precluded by rule 3.211(d) because:
“As a result of the court’s obligation to ensure that the material stages of a prosecution not proceed against a criminal defendant while the defendant is mentally incompetent, any defendant may be subjected to mandatory competency evaluation and, consequently, subjected to the risk of saying something or responding in a manner that is detrimental to or incriminates the defendant.”
Id. at 1252-53. Poole argues by analogy that the use of the reports of his compe *439 tency likewise are barred from use by third parties.
We believe Poole reads rule 3.211(d) too broadly. In the first place, subsection (d) appears in the Florida Rules of Criminal Procedure. The 1980 Committee Notes reveal this subsection [then denominated as subsection (e) ] was intended to “provide[] for the confidentiality of the information obtained by virtue of an examination of the defendant.” In 1988, the second paragraph of subsection (d) was “expanded to clarify under what circumstances the reports of experts in a competency evaluation may be discovered by the prosecution and used as evidence.” In re Amendments to Fla. R. of Crim. P., 536 So.2d 992, 997 (Fla.1988) (emphasis added). We doubt the drafters had in mind the use of the reports outside the criminal arena.
Similarly, it is apparent to us from a study of the Caraballo opinion, upon which Poole places substantial reliance, that the central concern of that case was the protection of the defendant’s constitutional rights — there, the constitutional right against self-incrimination. Caraballo supports our view that the focus of section 3.211(d) is criminal in its emphasis. If there is any doubt in our mind about this conclusion, it was resolved in 2011 when, post-Caraballo, the Florida Supreme Court Rule amended rule 3.211 and other closely related rules, to provide “The procedure for determinations of the confidential status of reports is governed by Rule of Judicial Administration 2.420.” In re Implementation of Comm. On Privacy & Ct. Records Recommendations, 78 So.3d 1045, 1052 n. 25 (Fla.2011). It is to that rule that we now turn, as did the trial court, to decide this case.
2. Rule 2.120.
Rule 2.420 is a judicial administration rule governing the public’s access to court records. The rule distinguishes between two types of potentially confidential court records: those automatically designated confidential, and those which the court may determine to be confidential. Fla. R. Jud. Admin. 2.420(d)(1)(A), (B); see In re Amendments to Fla. Rule of Jud. Admin. 2.120 & Fla. Rules of App. P., 31 So.3d 756, 765 (Fla.2010). Subdivision (d)(1)(A) of rule 2.420 designates as automatically confidential those records listed in subdivisions (c)(1) through (c)(6). These records include trial and appellate court memoran-da relating to cases, draft orders and opinions, memoranda or advisory opinions that require confidentiality to protect compelling governmental interests such as court security, complaints alleging misconduct by judges until probable cause is established, and the like. Subdivision (d)(1)(B) designates as confidential those judicial records listed in subdivisions (c)(7) and (c)(8) of rule 2.420,[2] but only insofar as they were confidential under section 119.07 of the Florida Statutes or Article I, section 24 of the Florida Constitution (commonly referred to as Florida’s Sunshine Law) as of the date of adoption of rule 2.420,[3] with the exception of those records contained within a “finite set” of nineteen categories within the two subdivisions.[4] Rule 2.420 *440 provides for a mechanism for a filer to seek a judicial determination of confidentiality as to subdivision (c)(7) and (c)(8) records that do not fall within the nineteen categories listed in the rule. Rule 2.420(e), (0, (g).
Reports filed in connection with a criminal defendant’s evaluation of competency to stand trial are not included within either the mandatory confidentiality provisions of subdivision (d)(1)(A) or within any of the finite set of nineteen exemptions in subsection (d)(1)(B) of the rule. In 2011, the Florida Supreme Court amended rule 2.420 to add presentence investigation reports and corresponding psychological or psychiatric evaluations to the subsection (d)(1)(B) list, but the Court expressly rejected a recommendation that all mental health evaluations be included in the category. See In re Amendments to Fla. Rule of Jud. Admin. 2.4-20, 68 So.3d 228, 230 (Fla.2011) (“The proponents of adding all mental health evaluations and reports filed in a criminal case to the subdivision (d)(1)(B) list acknowledge that the statutes relied upon for their inclusion do not clearly express that those evaluations and reports are confidential in the context of public access to court records. Therefore, we ... add only PSIs and any psychological or psychiatric evaluations attached to PSIs to subdivision (d)(1)(B).” (footnotes omitted)). The Court also expressly disapproved of local administrative court rules which authorized clerks to seal mental health evaluations pending a judicial determination. Id. at 230 (“Rule 2.420 provides the procedures for sealing court records. And ... permitting local introduction of blanket exemptions to the rule would undermine the uniform procedures adopted by the Court .... ”). Thus, in this case, the trial court correctly determined that the clerk should not have automatically sealed Poole’s competency reports upon filing.
For judicial records not automatically designated confidential, subsections (e), (f) and (g) establish the procedures to be used to determine confidentiality of the record. In criminal cases, a motion may be filed by “the state, the defendant or an affected non-party” to seek confidentiality of such a document. Rule 2.420(f)(1). The trial court must hold a hearing within 30 days of the filing of the motion and issue a written ruling 30 days thereafter. Rule 2.420(e)(2).[5] In granting the motion, the trial court must identify the subdivision (c) grounds for determining the information to be confidential, must ensure the degree, duration and manner of maintaining confidentiality are no broader than necessary to protect the records, and must state that no less restrictive measures are available for the purpose. Rule 2.420(e)(3). In this case, had the clerk not automatically sealed the competency evaluation reports upon filing, this would have been the proper procedure for the trial court to determine whether the reports were confidential. Instead, South Dade Nursing moved to unseal the records under rule 2.420(e)(5), which states in pertinent part:
If a nonparty requests ... that the court order the unsealing of records designated as confidential under subdivision (d), the request must be made by a written motion, filed in that court, that states with as much specificity as possi *441 ble the bases for the motion- Except when a motion filed under this subdivision represents that all parties and affected non-parties agree to all of the relief requested, the court must, as soon as practicable but no later than 30 days after the filing of a motion under this subdivision, hold a hearing on the motion. ... The court must issue a ruling on the motion within 30 days of the hearing.[6]
3. Privacy
Poole finally contends the competency reports are medical records entitled to confidentiality under Article I, section 23 of the Florida Constitution, commonly referred to as Florida’s Right to Privacy Law, and Chapter 456 of the Florida Statutes. We agree with the trial court that neither mandate confidentiality of the competency reports in this case.
Both the constitutional right to privacy and section 456.057 protect against disclosure of a patient’s medical records without the patient’s consent. § 456.057(7)(a), Fla. Stat. (2013) (“[R]ecords may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient, the patient’s legal representative, or other health care practitioners and providers involved in the patient’s care or treatment, except upon written authorization from the patient.”); State v. Johnson, 814 So.2d 390, 393 (Fla.2002) (“A patient’s medical records enjoy a confidential status by virtue of the right to privacy contained in the Florida Constitution....”). Therefore, the question is whether a criminal defendant ordered to undergo a competency examination may be considered a patient. Definitions of “patient” generally involve the act of submitting to care and treatment rather than simply evaluation. See generally Art. 10, § 25, Fla. Const. (“The term ‘patient’ means an individual who has sought, is seeking, is undergoing, or has undergone care or treatment ... by a health care provider.”); § 394.455(20), Fla. Stat. (2013) (“Patient’ means any person who is held or accepted for mental health treatment.”); Black’s Law Dictionary 1241 (9th ed.1979) (“patient, n. A person under medical or psychiatric care.”).
In forensic examinations, the person being examined is not seeking care and treatment. In Miami Herald Publishing Company v. Chappell, 403 So.2d 1342, 1344-45 (Fla. 3d DCA 1981), this court ruled that a criminal defendant involved in a pretrial competency hearing is not a patient entitled to the confidentiality provisions of chapter 394, Florida’s Mental Health Act, also known as the “Baker Act.” Similarly, the Florida Rules of Civil Procedure provide for a party to submit to examination by a qualified expert, with a report of the examination made available to the other party notwithstanding any issue of confidentiality. Fla. R. Civ. P. 1.360. For the same reason, “communications made in the course of a court-ordered examination of the mental or emotional condition of the patient” are excluded from Florida’s psychotherapist-patient privilege. § 90.503(4)(b), Fla. Stat. (2013).
In the instant case, the physicians were consulted for purposes of examinations only, not for treatment. The purpose behind the examinations was to assist, the court in determining whether the defendant was capable of participating in the criminal process. Any reports resulting from such an examination are intended to be communicated outside the patient-phy *442 sician relationship. Thus, they are not the type of patient’s medical record generally entitled to confidentiality protection.
Petition denied.

. Because the pre-suit investigatory period on the civil claim expired on February 17, 2014, we expedited our review and issued an order denying the petition for writ of certiorari on February 13, 2014.

. Subsections (c)(7) and (c)(8) encompass, inter alia, records made confidential by the Florida Constitution, United States Constitution, Florida Statutes, rules and case law.

. Rule 2.420 (originally 2.051) was adopted on October 29, 1992. In re Amendments to the Fla. Rules of Jud. Admin., 608 So.2d 472 (Fla.1992).

.These categories include Chapter 39 records relating to dependency matters, termination of parental rights, guardians ad litem, child abuse, adoption records, HIV test results, test results and identity within test results of sexu *440 ally transmitted diseases when provided by the Florida Department of Health, and identifying information in clinical records of detained criminal defendants found incompetent to proceed or acquitted by reason of insanity. Rule 2.420(d)(1)(B)(i) through (xix) (2010).

. Subsection (f), governing court records in criminal records, incorporates by reference subsection (e).

. Because, under the statutorily mandated progression, (c)(7) and (c)(8) records would be subject to a judicial determination of confidentiality before filing, this subdivision exempts such records from the unsealing process.