405 So.2d 971 (1981)
STATE of Florida, Appellant,
v.
Edward C. NEWMAN, Appellee.
No. 57919.
Supreme Court of Florida.
November 5, 1981.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., Miami, for appellant.
Melvyn Kessler, Miami, for appellee.
ADKINS, Acting Chief Justice.
Defendant below, Edward C. Newman, (hereinafter defendant), was charged by information with the possession of cocaine in violation of section 893.135, Florida Statutes (1979). The trial court, upon motion by defendant, dismissed the information, ruling that section 893.135 is unconstitutional. Plaintiff, the state of Florida, now appeals the trial court's ruling. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. (1972).
We begin by finding that there is no merit to the state's argument that defendant's attack upon section 893.135 is premature and/or inappropriate. In State v. Benitez, 395 So.2d 514 (Fla. 1981), the state argued that one charged with trafficking in cocaine in violation of section 893.135 had no standing to challenge the "penalty-oriented statute" until that person was convicted thereunder. The state reasoned that until the person charged was convicted, he did not have the personal stake in the outcome of the controversy which is necessary to confer standing. We disagreed, observing:
To state the assertion is to demonstrate its absurdity. A party subject to criminal prosecution clearly has a sufficient personal stake in the penalty which the offense carries. This is wholly unlike cases in which criminal defendants have challenged portions of a statute which have nothing to do with their prosecution.
Id. at 517.
The state explains that the issue which it raises in this cause, however, is "not one of standing per se, but rather relates directly to the standing doctrine of ripeness." It argues that because defendant has not been tried or convicted, his attack upon section 893.135 is premature and/or inappropriate. We do not think that the new light in which the state attempts to cast the issue makes any difference. *972 Once defendant was charged under the statute, the matter became one ripe for adjudication. Defendant's attack on section 893.135 is not predicated upon unknown facts and hypothetical examples, the state's assertions to the contrary notwithstanding. Rather, defendant has himself been charged with violation of the statute and could, as a result, be imprisoned. He, if anyone, has a personal stake in the outcome of the dispute over the statute's constitutionality, and the matter is certainly ripe for consideration and adjudication.
Our opinion in State v. Benitez also resolves two other issues presented by this appeal. In Benitez, we held that the words "substantial assistance", as used in the statute, are not impermissibly vague and do not violate the due process clause of the constitution. We also held that subsection 893.135(3), Florida Statutes, providing for mandatory minimum sentences without parole, does not violate constitutional principles of separation of governmental powers.
Any questions regarding the use of the word "may" in subsection 893.135(3), i.e., whether it is unconstitutionally vague, were laid to rest by our recent decision in State v. Werner, 402 So.2d 386 (Fla. 1981), in which we held that such concerns "do not provide a constitutional basis to invalidate the enactment." Id. at 387.
Finally, we consider the question of whether the provision of subsection 893.135(3) allowing, in certain cases, in camera review of a motion to reduce or suspend the sentence of one convicted under section 893.135 abridges the freedom of speech and of the press assured under the constitutions of the United States and Florida. In its order in this cause, the circuit court opined that such closed review "may" violate the First Amendment to the United States Constitution and article I, section 4, of the constitution of Florida. While this ruling did not actually hold the "in camera" provision unconstitutional, we, in the interest of judicial economy and to avoid needless litigation of the point upon remand of this cause, do now find that the subsection in question is constitutional, the trial court's speculation to the contrary notwithstanding.
We need not discourse on the importance of open judicial proceedings; their value and benefit to society are beyond doubt and question. The right of access of the public and press to all phases of a trial is, therefore, accorded great deference. That does not mean, however, that said right supersedes all others, for, as the United States Supreme Court has observed:
The right of access to courtroom proceedings, of course, is not absolute. It is limited both by the constitutional right of defendants to a fair trial, see, e.g., Estes v. Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965), and by the needs of government to obtain just convictions and to preserve the confidentiality of sensitive information and the identity of informants.
Gannet Co. v. DePasquale, 443 U.S. 368, 398, 99 S.Ct. 2898, 2915, 61 L.Ed.2d 608 (1979), Powell, J., concurring.
Justice Brennan observed likewise in another opinion concerning the closure of judicial proceedings:
[O]ur decisions must ... be understood as holding only that any privilege of access to governmental information is subject to a degree of restraint dictated by the nature of the information and countervailing interests in security or confidentiality.
Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 586, 100 S.Ct. 2814, 2833, 65 L.Ed.2d 973 (1980), Brennan, J., concurring.
The courts of this state have also recognized that the rights of the public and press must be balanced against other considerations, and that the First Amendment does not invariably prevail, mandating open judicial proceedings. In State ex rel. Miami Herald Publishing Co. v. McIntosh, 340 So.2d 904 (Fla. 1976), we observed that "[i]n determining restrictions to be placed upon access to judicial proceedings, the court must balance the rights and interest of the parties to litigation with those of the public and press." Id. at 908 (citation omitted).
*973 The Second District Court of Appeal recognized that the right of access to court proceedings is not absolute when it noted as follows:
By virtue of its inherent power to control the conduct of its own proceedings, there is little doubt that under certain circumstances the courts may exclude the public and the press from its proceedings, but such authority must be cautiously exercised.
News-Press Pub. Co., Inc. v. State, 345 So.2d 865, 867 (Fla.2d DCA 1977). See also Sentinel Star Co. v. Booth, 372 So.2d 100 (Fla.2d DCA 1979).
The foregoing clearly demonstrates that closed judicial proceedings are not banned absolutely. While the presumption in favor of openness is powerful, there are circumstances where closure is justified, i.e., when the rights of defendants to receive a fair trial or the government's need to obtain just convictions and preserve the confidentiality of sensitive information and the identity of informants warrant such.
Section 893.135 recognizes the above limitations and makes provision therefor. It provides that the state's motion to reduce or suspend the sentence of one who has provided substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, co-conspirators, or principals may be heard in camera upon a showing of good cause. Recognizing that the statute with which we are concerned is utilized to combat drug trafficking, and that many persons who aid the authorities in the manner described above would be endangering their lives, we are confident that closure would be justified in a number of the proceedings arising under said law. We are also confident that the trial courts of this state, in administering section 893.135, and in considering motions for closure, will properly weigh the competing interests rather than automatically grant the motions. The provision of section 893.135 allowing closure is necessary and justified, and, if good cause is shown, is not an unjustified, unconstitutional infringement on First Amendment rights.
In light of the foregoing, the order of the trial court finding section 893.135 unconstitutional is reversed and the case is remanded for proceedings consistent herewith.
It is so ordered.
BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.