413 So.2d 467 (1982)
PALM BEACH NEWSPAPERS, INC., Petitioner,
v.
The Honorable Philip G. NOURSE, Respondent.
No. 81-2265.
District Court of Appeal of Florida, Fourth District.
May 5, 1982.
*468 Florence Beth Snyder, Gen. Counsel, West Palm Beach, and Donald M. Middlebrooks of Steel, Hector & Davis, Miami, for petitioner.
Respondent, pro se.
Robert E. Stone, State Atty., and G.D. Dugan, III, Asst. State Atty., Okeechobee, amicus curiae for respondent.
Elton H. Schwarz, Public Defender, and Shirley M. Brennan, Asst. Public Defender Fort Pierce, amicus curiae for respondent.
DELL, Judge.
Petitioner, Palm Beach Newspapers, Inc., seeks appellate review under Florida Appellate Rule 9.100(d) of an order issued by the respondent, the Honorable Philip G. Nourse, which closed an arraignment and sentencing hearing to the press and public and sealed the court file.
At the commencement of a docket which included fifty-five other cases, respondent agreed to a request by both prosecution and defense counsel to close the arraignment and sentencing of Theodore Dukes. Dukes, charged with performing a lewd and lascivious act on a child under fourteen, had agreed to plead guilty. After all of the cases were heard respondent called the Dukes case and without any advance notice announced his order that the courtroom would be closed. The newspaper reporters present responded that they wanted to hear the case. Respondent gave no factual reasons to justify the closure or why the disposition of the case could not wait until the attorney for the newspaper could come or call from Palm Beach County to participate in a closure hearing. After clearing the courtroom the respondent disposed of the Dukes case on the merits. He later reduced the oral order to writing and ordered the court file permanently sealed.
The petitioner contends that the respondent's actions violated procedural due process. We agree.
The Supreme Court has clearly defined the constitutional and procedural due process requirements for closure of a court proceeding from the press and public:
Although freedom of the press belongs to all the people those who gather and distribute news have special concerns which entitle them to notice and a hearing before any trial court enjoins or limits publication of court proceedings. The circumstances may require a summary hearing but reasonable notice under prevailing conditions and a hearing must be had in each instance. The court should serve notice to news reporters present, but no order entered in good faith is invalid for lack of notice to one or more who may be unavailable to receive notice. Announcement from the bench or publication in writing in the courtroom should be adequate. State ex rel. Miami Herald v. McIntosh, 340 So.2d 904 at 910 (Fla. 1977).
This Court has extended the same due process rights to a closure order and subsequent sealing of the record. Miami Herald Publishing Co. v. State, 363 So.2d 603 (Fla. 4th DCA 1978).
The request for closure occurred at the commencement of a docket of fifty-five cases, but the respondent made no mention of the request until he ordered the courtroom cleared. He denied the reporters' request to delay the proceedings until their attorneys could be heard and he gave no reasons for the closure. Such conduct constituted a complete denial of the constitutional and due process requirements set forth in State ex rel. Miami Herald v. McIntosh, supra.
*469 Respondent relied upon the broad language in State v. Newman, 405 So.2d 971 (Fla. 1981), to justify his oral closure order. State v. Newman, supra, does speak of the balancing of interest and rights between the parties to the proceeding and the public and the press, stating that "closed judicial proceedings are not banned absolutely." However, Newman, supra, requires that "good cause" must be shown. The respondent failed to meet both the requirement of good cause as set forth in Newman and the three part test of Miami Herald Publishing Co. v. State, supra:
[S]uch orders cannot be entered absent a showing that (1) closure is necessary to prevent a serious and imminent threat to the administration of justice, (2) that no less restrictive alternative measures are available and (3) that closure will in fact achieve the court's purpose.[1]Id. at 606.
Respondent made no effort to show any threat to the administration of justice or that no less restrictive alternative to total secrecy of the entire proceeding was available to him. He argues that his actions were necessary to keep the victim's identity secret. His actions may have achieved that purpose, but his actions did not meet the standards required in Miami Herald Publishing Co. v. State, supra.
Accordingly, we grant the petition for review and direct the trial court to afford a hearing upon appropriate application by petitioner after notice to the office of counsel for Dukes and the State of Florida, at which a determination shall be made pursuant to State v. Newman and Miami Herald Publishing Co. v. State as to whether a transcript of the closed proceedings should be made available and the file unsealed. Such a determination will in any event be tempered by the need to protect the identity of the minor from disclosure or publication.
CERTIORARI GRANTED.
HERSEY and GLICKSTEIN, JJ., concur.
NOTES
[1] The validity of the three part test is presently pending before the Supreme Court. Miami Herald Publishing Co. v. Lewis, 383 So.2d 236 (Fla. 4th DCA 1980).