PER CURIAM.
This is a proceeding brought pursuant to Rule 9.100(d), Florida Rules of Appellate Procedure.
The State of Florida filed an unsworn Motion to Mitigate, Reduce or Alter Sentence as concerns one Brack who had been previously convicted and sentenced for trafficking in marijuana.
Petitioner sought to intervene and participate in a “good cause” hearing pursuant to Section 893.135(3), Florida Statutes (1982) as to whether or not the proceeding (State’s Motion) would be heard in camera.
Respondent, Circuit Judge, found:
(3) The public and press are not entitled to intervene in the court’s determination as to whether “good cause” exists for the holding of a hearing, in camera, on a motion to mitigate under Section 893.135(3)
and thereupon denied Petitioner’s Motion to Intervene and disallowed any participation by it in a “good cause” hearing or otherwise. The hearing upon the State’s Motion was then heard in camera. It appears from the appellate presentation that a tape recording of the in camera hearing upon the State’s Motion is in existence.
Regardless that the hearing in question is now history, we hold that the appellate issue here present is not moot upon authority of Nebraska Press Assoc. v. Stuart, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976); Palm Beach Newspapers, Inc. v. Cook, 434 So.2d 355 (Fla. 4th DCA 1983).
We reverse the appealed order of December 12, 1983, and remand with instructions that a proper hearing be conducted with participation by Petitioner for the purpose of determining as a matter of law and fact, what portions, if any, of the tape recorded sentence reduction hearing in question must be withheld from the public. Palm Beach Newspapers, Inc., supra; Miami Herald Pub. Co. v. Lewis, 426 So.2d 1 (Fla.1982); Palm Beach Newspapers, Inc. v. Nourse, 413 So.2d 467 (Fla. 4th DCA 1982); State ex rel. Miami Herald Pub. v. McIntosh, 340 So.2d 904 (Fla.1977).
Reversed and remanded with instructions.
DOWNEY, HURLEY and WALDEN, JJ., concur.