## STATE OF FLORIDA v GREGORY

Case Nos. 85-5493, 85-5722

Fourth Judicial Circuit, Duval County

February 14, 1986

### APPEARANCES OF COUNSEL

**Alan Rosner,** Assistant State Attorney, for plaintiff.

**Alan Chipperfield,** Assistant Public Defender, for defendant.

**Harold B. Wahl** and **Mitchel E. Woodlief, Wahl and Gabel,** for Florida Publishing Company and Tampa Television, Inc.

**A. August Quesada** for Post-Newsweek Stations.

### OPINION OF THE COURT

HUDSON OLLIFF, Circuit Judge.

The defendant has pleaded guilty to the crimes of ATTEMPTED TRAFFICKING IN COCAINE, TRAFFICKING IN COCAINE, and GRAND THEFT. The defense has made motion—agreed to by the State—for a closed hearing on certain testimony in Case No. 85-5493. The media attorneys have filed pleadings in opposition to a closed hearing.

· · · · · · · · · · ·

2. In my sixteen years on the Bench I have never restricted the media access to proceedings in my Court—and I am loath to do so now.

3. In this case, the Court has carefully applied the tests set forth in *Palm Beach Newspapers, Inc. v. Cook*, 434 So.2d 355 (Fla. 4th DCA 1983), and *Miami Herald Publishing Co. v. Lewis*, 426 So. 2d 1 (Fla. 1983). These cases dictate that when the interests of the press and the judiciary conflict, the Court must weigh the interests against each other to determine whether access of the process and the public to a hearing must be denied. The cases set forth a balancing test which this Court has applied under the facts of this case.

4. Here the undercover police officers testified on January 24, 1986, (see 54-page transcript of testimony attached) that the safety and lives of undercover police officers, the defendant and his family would be in danger, and criminal investigations would be compromised if their testimony was made public. In *Cook* the Court stated: "An example of a valid reason for sealing the record is danger to a person's life." 434 So.2d at 358, citing *Miami Herald Publishing Co. v. State*, 363 So.2d 603, 606 (Fla. 4th DCA 1978).

5. In this case the Court finds that there are no available alternatives which would protect against the threat posed by an open hearing. Both detectives testified that they could conceive of no alternatives other than closure which would protect the safety of fellow officers, the defendant and his family, and preserve confidential information and investigations. The suggestion that the detectives could testify in public and leave out names, places, dates, times, and number of people involved, type of investigation, type of drug involved, and any other facts - would not be satisfactory. This Court must ultimately decide whether the State has acted in good faith in refusing to move to mitigate Mr. Gregory's sentence, and the Court does not feel that it could do justice in that decision if so many details were left out of the testimony of the officers.

6. In this *unique* case the Court finds that closure will, in fact, achieve its purpose.

· · · · · · · · · ·

This Court will not gamble with the lives and safety of police officers —or the defendant and his family—and only for reasons of safety have I ordered a closed hearing on the testimony of those officers.

DONE AND ORDERED at Jacksonville, Duval County, Florida, on February 14, 1986.