347 So.2d 450 (1977)
In re the ADOPTION OF Jennifer May RAND.
No. 76-1750.
District Court of Appeal of Florida, Third District.
June 28, 1977.
James J. Traitz, Miami, for appellant.
No appearance by counsel for appellee.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
HUBBART, Judge.
This is an appeal from a final order denying an emancipated adopted child access to certain information in the court file of her original adoption proceeding. The issue *451 presented for review is whether such a person must make a showing of good cause in order to obtain the release of medical information contained in such court file pursuant to Section 63.162(2), Florida Statutes (1975).
The appellant, Jennifer May Rand, filed a petition in the Circuit Court of Dade County for the release of certain records contained in the court file of her original adoption proceeding. Specifically, the appellant prayed for a court order requiring the trial judge or an appointed social worker to review the aforesaid court file and thereafter to release to the appellant the following information: the medical background of both the appellant's natural parents, the medical reasons for their demise, their ages at appellant's birth, their heritage, and a physical description of each, if medically pertinent. No cause is stated in the petition for the release of such information.
The record reveals that the appellant has attained her majority and is now married. Throughout these proceedings she has taken the position that good cause need not be alleged or proven for the release of the above information. The appellant specifically waived any hearing to present evidence and argument in support of her petition contending that the trial court had no discretion but to grant the said petition. The trial court denied the petition in the absence of a showing of good cause. This appeal follows.
Section 63.162, Florida Statutes (1975), provides in relevant part as follows:
"Notwithstanding any other law concerning public hearings and records: ...
(2) All papers and records pertaining to the adoption, whether part of the permanent record of the court or of a file in the [department] or in an agency, are subject to inspection only upon order of the court.
* * * * * *
(4) Except as authorized in writing by the adoptive parent or the adopted child, if 18 or more years of age, or upon order of the court for good cause shown in exceptional cases, no person shall disclose from the records the name or identity of either an adoptive parent or adopted child."
In our view, this statute does not impose a ministerial duty on the court to release all information in the court file of an adoption proceeding when requested to do so by the adopted child upon attaining his or her majority. The statute contains no language lending itself to such an interpretation.
Under subsection (4) of the statute, the adopted child upon attaining the age of eighteen may authorize in writing the release of the name or identity of the adoptive parent or adopted child contained in the court file of an adoption proceeding, but no more. Such an emancipated adopted child is not given the authority to release or demand any other information in the adoption court file. To obtain any other information, the emancipated adopted child must obtain a court order as required under subsection (2) of the statute. The trial court may grant or deny such a requested court order within its sound discretion and its decision thereon will not be disturbed on appeal absent an abuse of discretion. See: 2 Fla.Jur. "Appeals" § 327 (1955).
The appellant argues that the trial court has no such discretion, but must automatically grant all applications for the release of adoption file information upon demand under subsection (2) of the statute. We cannot agree. The statutory requirement herein implicitly carries with it an exercise of sound judicial discretion else the entry of such an order would be nothing more than an empty gesture hardly requiring the act of a court. The obvious purpose of such a court order is to protect the confidentiality of adoption court files against probes made for other than legitimate reasons, not to open up such files to all comers. The fact that discretion or good cause is not expressly mentioned in subsection (2) of the statute but is in subsection (4) thereof, does not change this result since such a requirement is implicit in the statute. Further, the statute *452 contains no "shall" or other mandatory language requiring the automatic entry of such a court order. The trial judge was, therefore, eminently correct in requiring a showing of good cause before he exercised his discretion to open up the adoption court files as requested by the appellant.
We hold that information contained in an adoption court file shall not be released to anyone except upon court order within the sound discretion of the trial court under Section 63.162(2), Florida Statutes (1975). The trial court abuses its discretion herein when: (1) it refuses to release the requested information although good cause is shown, or (2) it releases the requested information although good cause is not shown. See: Utica Mutual Insurance Co. v. Clonts, 248 So.2d 511, 512 (Fla. 2d DCA 1971); Atlas Travel Service, Inc. v. Morelly, 98 So.2d 816 (Fla. 1st DCA 1957). The only exception to this holding is that the name or identity of the adoptive parents or adopted child may be released upon written authorization of the adoptive parent or adopted child, who shall have attained the age of eighteen, or upon court order for good cause shown in exceptional cases under Section 63.162(4), Florida Statutes (1975).
In the instant case, the petition for the release of the requested medical and other information in the adoption file fails to allege any facts tending to establish good cause for the release of such information. As such, the petition is fatally defective and was properly denied by the trial court.
Our affirmance herein shall be without prejudice to the appellant to refile a proper petition alleging a sufficient showing of good cause for the release of the requested information. This allegation must, of course, be established by sworn proof at any hearing on the petition.
Affirmed.