382 So.2d 814 (1980)
In re Patricia LAY, for Disclosure of Adoptive Records, Appellant.
No. PP-238.
District Court of Appeal of Florida, First District.
April 14, 1980.
Tommy E. McPherson, Pensacola, for Patricia Lay.
SHAW, Judge.
The narrow issue before us is whether § 63.162(4), Florida Statutes (1979), precludes disclosure of adoption records to persons other than the adoptive parents or the adopted child. We conclude that it does not.
Patricia Lay was one of eight children who were placed in adoptive homes in 1953 when they were 15, 13, 12, 10, 8, 6, 5 and 4 years of age. Three of the siblings went to one home. The other children were each adopted by different families. Five of the brothers and sisters have been reunited *815 through their own search, and they seek disclosure of records which would lead to the present whereabouts of the remaining three brothers. If disclosure is allowed and if the brothers can be located, they have agreed to the intervention of a third party whose contact with the three brothers would serve to determine whether those brothers wish to be reunited with the other five.
The judge denied the petition based upon his determination that the petitioner desired the release of information from the adoption records of her brothers and that such disclosure was not authorized by law. In our view the relevant statute does not lend itself to so strict an interpretation. Section 63.162(4), Florida Statutes, provides:
Except as authorized in writing by the adoptive parent or the adopted child, if 18 or more years of age, or upon order of the court for good cause shown in exceptional cases, no person shall disclose from the records the name or identity of either an adoptive parent or adopted child. (e.s.)
We conclude that the legislature, by using the disjunctive phrase emphasized supra, recognized that a court may for good cause shown, in exceptional cases, grant disclosure. Implicit in the statute is the exercise of judicial discretion. The court abuses this discretion when: (1) it refuses to release the requested information although good cause is shown, or (2) it releases the requested information although good cause is not shown. In Re Adoption of Rand, 347 So.2d 450 (3rd DCA 1977). The order on appeal is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.
Reversed and remanded.
ROBERT P. SMITH, Jr., and BOOTH, JJ., concur.