841 So.2d 693 (2003)
In re GUARDIANSHIP OF Josephine COSIO, an incapacitated person.
Carl W. Cosio, Appellant,
v.
LeRoy H. Merkle, Jr., Appellee.
No. 2D01-5756.
District Court of Appeal of Florida, Second District.
April 11, 2003.
Carl W. Cosio, pro se.
LeRoy H. Merkle, Jr., of LeRoy H. Merkle, Jr., P.A., Tampa, for Appellee.
NORTHCUTT, Judge.
The order under review sealed Carl Cosio's response to his former attorney's motion to withdraw as his counsel. We reverse.
*694 While the court in this guardianship proceeding was considering the guardian's petition for compensation and attorney's fees filed through her counsel, LeRoy Merkle, Cosio's counsel, George Kickliter, filed a motion to withdraw from Cosio's representation. In turn, Cosio filed a lengthy response that disparaged his counsel, the guardian's counsel, and several members of the judiciary. The guardian moved to strike the response. Following a hearing, the court instead ordered the response sealed.
Under certain circumstances, a court may exclude the public from its proceedings, but such authority must be cautiously exercised. News-Press Publ'g Co. v. State, 345 So.2d 865, 867 (Fla. 2d DCA 1977) (citation omitted). Court records may be sealed only for compelling reasons, which should be set forth by the court in order to facilitate review. Id. Access to court records may be restricted to protect the interests of litigants only after a showing that the following three-prong test has been met: (1) the measure limiting or denying access (closure or sealing of records or both) is necessary to prevent a serious and imminent threat to the administration of justice; (2) no less restrictive alternative measures are available which would mitigate the danger; and (3) the measure being considered will in fact achieve the court's protective purpose. Bundy v. State, 455 So.2d 330, 337 (Fla.1984).
The order in this case contains no findings, nor does the record generally, that would permit us to determine the propriety of the order. Therefore, we reverse and remand for further consideration of the motion to strike. If the court again determines that Cosio's filing should be sealed, it shall enter written findings specifying its reasons for such.
Reversed and remanded with directions.
SILBERMAN, J., and THREADGILL, EDWARD F. (Senior) Judge, concur.