WARNER, J.
Through a petition for writ of mandamus directed to the Clerk of Court, M.D.M., a person claiming to be the biological father of A.D., an adopted infant, sought to obtain the case number of the adoption court file so that he might file a motion for relief from judgment based upon fraud. The court granted the petition but also ordered relief not sought, including the release of the petition for adoption, the final judgment of adoption, and a copy of the consent filed by the *858 person alleging to be the child’s father. The court then consolidated the case with the adoption case, thus including the motion for relief from judgment in the adoption file. We affirm only insofar as the case number is released to the petitioner and the motion for relief from judgment is consolidated into the adoption case. We reverse the court order giving M.D.M. copies or access to any other pleadings in the case, because such records are protected from disclosure by section 63.162(2), Florida Statutes.
In his petition for writ of mandamus, M.D.M. claimed that he engaged in sexual intercourse with the mother, K.G., which resulted in the birth of a child. He asserted that the child was both conceived and born in Palm Beach County. He stated that he sent money to K.G. during the pregnancy. Unbeknownst to him, K.G. relinquished her rights to the child and executed a consent to adoption on the date of the child’s birth. She also fraudulently induced another man to sign a consent to adoption as the child’s biological father. She has since passed away.
When M.D.M. found out about the adoption, he made unsuccessful attempts to contact the adoption attorney. He then secured counsel and filed a motion for relief from the judgment terminating parental rights, serving the attorney he believed to have acted as intermediary in the adoption. However, the clerk of court would not accept the motion for filing because M.D.M. did not have a case number for the adoption proceeding. The clerk’s refusal to file the motion prompted the petition for writ of mandamus.
The clerk answered the petition, alleging that she could not locate the file without a case name or a number, and thus could not even verify that the case was filed in Palm Beach County. In addition, she maintained that petitioner had not shown that he had a clear legal right to confidential information. The petition was not served on the adoption attorney, who had been served with the unfiled motion for relief. The record is unclear whether a hearing was held, but the trial court granted the writ within twenty-five days of the filing of the petition. The court’s order determined that the petitioner had no alternative means of obtaining information required to protect his claim of fraud in the adoption process, other than to have access to at least a portion of the adoption file. The court therefore ordered that the clerk release the case number of the adoption file, which number was included in the order, along with the petition for adoption, the final judgment of adoption, and a copy of the consent filed by the person alleging to be the child’s father. It also consolidated the mandamus action with the adoption file and ordered all pleadings, including the motion for relief from judgment, to be part of the adoption file.
The adoption attorney somehow discovered the order regarding access to the adoption file. Through other counsel, both she and the adoptive parents moved to intervene and to stay the disclosure order. The court granted both motions and ordered the clerk not to disclose any records to petitioner. The adoptive parents then filed this appeal.
This case presents a Catch-22. M.D.M. claims that fraud was committed in the termination of his parental rights and seeks relief from judgment, allowed pursuant to section 63.142(4), Florida Statutes, which must be done within one year from judgment. However, he was prevented from filing a motion because he did not have the case number of the adoption file. The clerk and the adoptive parents assert that M.D.M. is precluded from learning any information regarding the file, including the case number, because *859 the file is confidential under section 63.162(2). Thus, the clerk will not accept his pleading for filing without a case number, but he cannot obtain the case number because the file is confidential.
The confidentiality of papers and records in termination and adoption proceedings is protected by statute. See § 63.089(8), Fla. Stat., as to termination proceedings, and § 63.162(2), Fla. Stat., as to adoption proceedings. Section 63.162(2) and (4) provide, in pertinent part:
(2) All papers and records pertaining to the adoption, including the original birth certificate, whether part of the permanent record of the court or a file in the office of an adoption entity are confidential and subject to inspection only upon order of the court; ... The order must specify which portion of the records are subject to inspection, and it may exclude the name and identifying information concerning the parent or adoptee.... In the case of an adoption not handled by the department or a child-placing agency licensed by the department, ■ the department must be given notice of hearing and be permitted to present to the court a report on the advisability of disclosing or not disclosing information pertaining to the adoption.
* * *
(4) A person may not disclose from the records the name and identity of a birth parent, an adoptive parent, or an adop-tee unless:
* * *
(d) Upon order of the court for good cause shown. In determining whether good cause exists, the court shall give primary consideration to the best interests of the adoptee, but must also give due consideration to the interests of the adoptive and birth parents. Factors to be considered in determining whether good cause exists include, but are not limited to:
' 1. The reason the information is sought;
2. The existence of means available to obtain the desired information without disclosing the identity of the birth parents, such as by having the court, a person appointed by the court, the department, or the licensed child-placing agency contact the birth parents and request specific information;
3. The desires, to the extent known, of the adoptee, the adoptive parents, and the birth parents;
4. The age, maturity, judgment, and expressed needs of the adoptee; and
5. The recommendation of the department, licensed child-placing agency, or professional which prepared the preliminary study and home investigation, or the department if no such study was prepared, concerning the advisability of disclosure.
(Emphasis supplied).
Florida Rule of Judicial Administration 2.075(a)(1) defines “court records” as follows:
the contents of the court file, including the progress docket and other similar records generated to document activity in a case, transcripts filed with the clerk, documentary exhibits in the custody of the clerk, and electronic records, video tapes, or stenographic tapes of depositions or other proceedings filed with the clerk, and electronic records, videotapes or stenographic tapes of court proceedings.
Neither the statute nor the rule makes the actual case file number a part of the record. The confidentiality provisions of section 63.162(2) protect the identities of the parties and the child. Release of the number of the case file alone does not disclose *860 any confidential information. Therefore, we conclude that the court did not err in ordering the clerk to release the case file number to the petitioner.
However, the court went further and ordered the release of documents clearly protected under section 63.162. M.D.M. claims that he needs information regarding the identity of the adoptive parents and adoption attorney so that he knows who to serve with his motion. While he must serve someone with this information, we conclude that the statute provides the necessary avenue to obtain whatever information he is entitled to receive.
Section 63.162(2) provides that confidential information may be released from the adoption file by court order. However, in order to obtain such information, M.D.M. was required to serve the Department of Children and Families with notice of the hearing requesting release of information. See § 63.162(2), Fla. Stat. (2005). The Department may then report to the court on the advisability of releasing information. Id. Further, the statute permits the disclosure of the identity of an adoptive parent only on good cause shown. The statute lists factors to guide the court’s determination, including, “The recommendation of the department, licensed child-placing agency, or professional which prepared the preliminary study and home investigation, or the department if no such study was prepared, concerning the advisability of disclosure.”
This process may be cumbersome, but it permits a person to assert the need for information while allowing the responding party, the Department, to resist disclosure until good cause is proven. Thus, confidentiality is protected without precluding a person having a legitimate need for identifying information from a means of requesting it.
The court failed to require M.D.M. to serve the Department, which could have asserted the confidentiality interests of the parents. It also failed to engage in an analysis of the factors needed to prove good cause. Because of this, the court erred in ordering disclosure of any papers from the adoption or termination files. Moreover, this also shows that mandamus was not appropriate, as the duty to disclose portions of a confidential file is clearly not ministerial.
The adoptive parents also claim that M.D.M. cannot even claim a right to information from the file because he has not fulfilled his obligations as an unmarried biological father in that he did not register with the Putative Father Registry, nor did he fall within the exceptions to registration. This issue requires the consideration of facts not within this record. Therefore, we do not address it at this time. It may be addressed either on a request for further information or in connection with the consideration of his motion for relief from judgment.
We affirm the order for writ of mandamus to the extent that it ordered the release of the case file number of the adoption. We reverse the order to the extent that it authorized disclosure of any portion of the adoption file. M.D.M. must seek any further information from the adoption file in conformance with the provisions of section 63.162.
MAY, J., and SWEET, GARY L., Associate Judge, concur.