PER CURIAM.
The News & Observer Publishing Company petitions for review of an order of the Circuit Court for Duval County which sealed a file, thus precluding public inspection of its contents. We have jurisdiction in accordance with Florida Rule of Appellate Procedure 9.100(d).
A.Q. gave birth to twins in July of 2005. Shortly thereafter the children were adopted by a married couple who live in North Carolina. A.Q. sought to withdraw her consent and filed a petition for relief in the adoption case in Duval County. She also filed an action to recover damages against the adoptive parents and certain third parties who had involvement in the adoption. It is this latter case, which was voluntarily dismissed by A.Q., which has been sealed by the order challenged in this proceeding. The adoption file must of course remain confidential under the provisions of section 63.162, Florida Statutes.
After a hearing on the defendants’ motion to seal the file, where The News & Observer appeared and was heard, Circuit Judge Peter J. Fryefield entered an order sealing the file in A.Q.’s civil suit. He noted that the confidentiality of the adoption file was an important public policy and that closing the civil litigation file was necessary to implement that policy.
We review the circuit court’s order, which presents mixed questions of law and fact, by applying an abuse of discretion standard. Post-Newsweek Stations, Inc. v. Doe, 612 So.2d 549, 553 (Fla.1992). We have also taken judicial notice of the file in the adoption case, which is currently on appeal to this court, and conducted an in camera inspection of the civil litigation file. In short, the civil litigation file contains a large amount of information which is also *687 present in the adoption file and sealing the file was necessary to preserve the confidentiality of the information in the adoption file as required by statute.
Petitioner argues that much or most of the information regarding the adoption is now in the public domain and nothing will be accomplished by sealing the file. While information about this case has been reported in the media, based on our review of the two files as described above, we are convinced that a substantial amount of other information has not been made public and that sealing the file was not an abuse of discretion. Finally, petitioner argues that it is only the identity of the birth parents, the adoptive parents, and the children themselves which is confidential and the names of the persons involved in this case have been widely reported in the press. Petitioner suggests, therefore, that closure of the file was error under the rationale of In re Guardianship of Cosio, 841 So.2d 693 (Fla. 2d DCA 2003). We conclude that petitioner’s interpretation of the scope of protections provided for by section 63.162 is too narrow. In re Adoption of Rand, 347 So.2d 450 (Fla. 3d DCA 1977).
Accordingly, the petition for review is denied.
PETITION DENIED.
BARFIELD, WOLF, and LEWIS, JJ., concur.