WARNER, J.
Petitioner seeks certiorari review of the trial court’s order denying his access to pleadings in an adoption proceeding involving his child. He is presently contesting a petition for termination of his parental rights to the child, and he claims that he needs to review the court file of the termination proceedings to view the documents upon which his consent is based. We grant the petition.
Petitioner is the father of the child sought to be adopted through a private placement adoption. He was married to the birth mother and signed an affidavit of non-paternity about six weeks before the child was born. After the birth, a petition for termination of his parental rights was filed. The father filed a motion to set aside the affidavit in the termination of parental rights action, alleging his signature was obtained while he was without counsel, under duress, and without understanding the consequences. He also argued that section 63.042, Florida Statutes, violates the equal protection clause of the constitution because it treats birth mothers and birth fathers differently.
He then moved for access to the court file in the termination proceedings alleging that he needed access to the pleadings so that he can defend his paternity rights. The adoption entity objected to his access to the file, relying on the confidentiality provision of section 63.089(8), Florida Statutes, which provides:
All papers and records pertaining to a petition to terminate parental rights pending adoption are related to the subsequent adoption of the minor and are subject to s. 63.162.
Section 63.162(2) provides that the records are confidential subject to release by order of the court:
All papers and records pertaining to the adoption, including the original birth certificate, whether part of the permanent record of the court or a file in the office of an adoption entity are confidential and subject to inspection only upon order of the court.... The order must specify which portion of the records are subject to inspection, and it may exclude the name and identifying information concerning the parent or adoptee.
Another provision of the statute prohibits any person from disclosing the identity of the birth parent, adoptive parent, or adop-tee, except under specific circumstances including a court finding of good cause. See § 63.162(4), Fla. Stat.
The father gave notice of his request for access to the file to the Department of Children and Families pursuant to section 63.162(2), even though this was a private adoption and the court required the Department to give advice. The Department took no position on the father’s motion. After several hearings, the trial court denied the motion, citing extensively to section 63.162(4) and its requirement for good cause when a person seeks disclosure of *577 the identity of the parties. The court did not make a finding of good cause.
In his petition for certiorari, the petitioner contends that the court departed from the essential requirements of law by denying him access to documents pertaining to the termination of his parental rights. He did not seek or request access to documents relating to the adoption which would violate the privacy of the birth mother, child, or proposed adoptive parents. As he says in his petition, “Due process requires at a minimum that he be allowed to review the documents being used against him to terminate his parental rights.”
The petition for termination of the father’s rights was filed pursuant to section 63.087, Florida Statutes. That section requires an answer and appearance in accordance with the Florida Rules of Family Procedure. § 63.087(6), Fla. Stat. Further, the respondent must be given an opportunity to admit or deny the allegations of the petition. § 63.087(6)(b), Fla. Stat. It is clear that for purposes of the petition a participating parent is a party to the proceedings. He is entitled to appear and defend and contest the proceedings on any legal or factual basis which would be a ground for defending the termination of his fundamental rights. As such, we fail to understand how he would not be entitled to see the pleadings and papers filed in the proceeding to take away his rights.
Respondent argues that the petitioner must establish good cause under the statute. In re Adoption of Rand, 347 So.2d 450 (Fla. 3d DCA 1977), requires good cause to access the documents even though section 63.162(2) does not include that requirement:
The statutory requirement herein implicitly carries with it an- exercise of sound judicial discretion else the entry of such an order would be nothing more than an empty gesture hardly requiring the act of a court. The obvious purpose of such a court order is to protect the confidentiality of adoption court files against probes made for other than legitimate reasons, not to open up such files to all comers. The fact that discretion or good cause is not expressly mentioned in subsection (2) of the statute but is in subsection (4) thereof, does not change this result since such a requirement is implicit in the statute.
Id. at 451. While we appreciate that the court should find good cause before allowing access to persons who are not parties to the suit or to give access to the proceedings after a final judgment is entered, we doubt that a “good cause” requirement applies to the parties to the proceedings in the midst of prosecuting and defending the petition. They must have access to the pleadings and filed documents in order to conduct the proceedings to conclusion.
Nevertheless, even if there is a good cause requirement, we think it is self-evident that good cause is established simply because the father is a party to the proceeding and his fundamental rights are at risk of termination.
We therefore grant the petition. The respondent has concerns as to the access to the identity or identifying information of the adoptive parents. The statute seeks to protect this information, and we agree that such information deserves protection. See A.D. v. M.D.M., 920 So.2d 857 (Fla. 4th DCA 2006).[1] The trial court should con *578 duct an in camera inspection of the file so that the names and identifying information regarding the adoptive parents can be redacted.
GROSS and CIKLIN, JJ„ concur.

. Respondents claim that A.D. stands for the proposition that the father can be denied access to the file. In A.D. we required the father to comply with section 63.162(2) because he sought to obtain the identities of the adoptive parents long after the entry of the final judgment. We did not hold that the father who is a party to ongoing proceedings *578 is required to show good cause for access to the court file.