# Third District Court of Appeal
## State of Florida

Opinion filed August 14, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1680
Lower Tribunal No. 1967-4205
_____


**Margaret Janik,**
Appellant,

vs.

**In re: The Adoption of M.D.J., etc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, George A. Sarduy, Judge.

Law Office of Joseph S. Shook, P.A., and Joseph S. Shook, for appellant.

No Appearance, for appellee.


Before SCALES, GORDO, and LOBREE, JJ.

SCALES, J.

Appellant Margaret Janik seeks appellate review of an August 22, 2023 trial court order denying, without elaboration, her petition that sought the release of information from the confidential adoption file of her adopted son Michael Janik. Appellant and her late husband adopted Michael in Florida in 1967. To obtain the information, Appellant filed a July 7, 2023 Petition for Adoption Information in Miami-Dade County Circuit Court, pursuant to section 63.162(4)(b) of the Florida Statutes.

The statute provides for the disclosure of certain adoption information "upon order of the court for good cause shown." § 63.162(4)(b), Fla. Stat. (2023). Section 63.162(4)(b) lists five criteria for determining whether good cause exists.[1] Michael desired confidential information about his birth mother

---

[1] The five criteria are as follows:

1. The reason the information is sought;

2. The existence of means available to obtain the desired information without disclosing the identity of the birth parents, such as by having the court, a person appointed by the court, the department, or the licensed child-placing agency contact the birth parents and request specific information;

3. The desires, to the extent known, of the adoptee, the adoptive parents, and the birth parents;

4. The age, maturity, judgment, and expressed needs of the adoptee; and

in order to prove his entitlement to heirship after his birth mother – whose identity he knew since childhood – died intestate in Texas in 2021. Appellant maintains that good cause is evident in this instance and that the trial court's denial of the petition constitutes an abuse of discretion. See In re Adoption of Rand, 347 So. 2d 450, 452 (Fla. 3d DCA 1977) ("The trial court abuses its discretion . . . when . . . it refuses to release the requested information although good cause is shown[.]").

Our record indicates, however, that Appellant did not obtain a recommendation from the Florida Department of Children and Families[2] (or another relevant entity) on the advisability of disclosure, as required by section 63.162(4)(b)5. (See infra n.1). Nor does it appear that Appellant gave notice of hearing to the department, as required by section 63.162(2), which provides: "In the case of an adoption not handled by the department or a child-placing agency licensed by the department, the department must be

_____

5. The recommendation of the department, licensed child-placing agency, or professional that prepared the preliminary study and home investigation, or the department if no such study was prepared, concerning the advisability of disclosure.

§ 63.162(4)(b), Fla. Stat. (2023).

[2] Section 63.032(9) defines "department" as the Florida Department of Children and Families. § 63.032(9), Fla. Stat. (2023). Our record, including Appellant's briefing, is sparse as to the circumstances of the 1967 adoption.

given notice of hearing and be permitted to present to the court a report on the advisability of disclosing or not disclosing information pertaining to the adoption." § 63.162(2), Fla. Stat. (2023); see A.D. v. M.D.M., 920 So. 2d 857, 860 (Fla. 4th DCA 2006) ("Section 63.162(2) provides that confidential information may be released from the adoption file by court order. However, in order to obtain such information, M.D.M. was required to serve the Department of Children and Families with notice of the hearing requesting release of information.").

Because there is no evident basis in our record that the trial court abused its discretion in denying the petition, we affirm without prejudice to Appellant filing another petition consistent with the requirements of sections 63.162(2) and 63.162(4)(b).

Affirmed.